UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA CHAMAIDAN, Individually and on Behalf of All Others Similarly Situated,<br>Plaintiff(s)<br><br>- against -<br><br>ARLINDO GOMES, JR., FARM RESTAURANT INC., and MANUEL FERREIRA<br>Defendants | **COMPLAINT**<br><br>17 Civ. 2211<br><br>**JURY DEMAND** |

The Plaintiff, Laura Chamaidan, as and for her complaint against the Defendants respectfully alleges:

### NATURE OF THE CASE

1. In violation of well-settled, two-decade old law, Defendants have chosen not to remove a variety of unlawful architectural barriers, and have instead chosen to exclude Plaintiff and all other disabled persons, who use wheelchairs and scooters, from having access to and use of Defendants' public accommodation.

2. Plaintiff Laura Chamaidan files this action for herself and for those similarly situated, complaining of Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Human Rights Law § 296, New York State Civil Rights Law, and Nassau County Administrative Code § 21-9.8 et seq.

3. Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendants.

## PARTIES

4. That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of New Hyde Park, New York.

5. Defendant ARLINDO GOMES, JR. is an adult natural male who owns the building which houses the public accommodation named Heart of Portugal Restaurant. Upon information and belief, Mr. Gomes Jr resides in the County of Queens.

6. Defendant FARM RESTAURANT INC. is an inactive New York domestic business corporation, it is not authorized by the Secretary of the State of New York to do business in New York State with its principal County of business was designated as Nassau County.

7. Upon information and belief, Defendant FARM RESTAURANT INC. is the owner of the restaurant named Heart of Portugal Restaurant located at 241 Mineola Blvd., Mineola, NY.

8. Defendant MANUEL FERREIRA is an adult natural person who is the owner of the restaurant named Heart of Portugal Restaurant located at 241 Mineola Blvd., Mineola, NY. Upon information and belief, MANUEL FERREIRA resides in Nassau County.

9. Upon information and belief, MANUEL FERREIRA is authorized to conduct business in Nassau County and has a license from Nassau County Department of Health to operate the restaurant named Heart of Portugal Restaurant.

## VENUE AND JURISDICTION

10. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events, or omissions, giving rise to this action, including the unlawful practices alleged herein, occurred within Nassau County.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants are residents in this district and state.

## CLASS ACTION

13.     Plaintiff brings this suit for declaratory and injunctive relief and, pursuant to F.R.C.P. 23, as a class action for all those similarly situated, who, as persons who are disabled, and who use or desire to use the services and accommodations offered to the public by Defendants, are protected by, and are beneficiaries of, the ADA, state and local laws.

14.     Plaintiff, complaining for herself and all other residents in the State of New York, similarly situated, alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## STATUTORY SCHEME

15.     The 2010 United States Census indicates that more than 56.6 million persons in the United States have a disability.  The 2010 US Census also indicates that more than 1.39

3

million New Yorkers have a mobility disability.

16. The ADA, New York State Human Rights Laws, and Nassau County Administrative Code recognizes individuals with disabilities as a protected class.

17. As such, it is unlawful for a private entity that owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

18. The ADA, New York State Human Rights Laws, and Nassau County's Human Rights Laws requires a public accommodation to be readily accessible to and usable by a disabled individual.

19. Failure to remove all readily achievable architectural barriers is defined as disability discrimination in violation of the ADA, New York State Human Rights Laws, and Nassau County Administrative Code.

20. Regardless of any contractual provisions stating otherwise, under the ADA and New York State Human Rights Laws, both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are liability for the other's failure to comply with the ADA or New York State Human Rights Laws.

21. Discriminatory intent is not required to establish liability under the ADA, New York State Human Rights Laws, and Nassau County Administrative Code.

**FACTUAL BACKGROUND**

22. Plaintiff has a neuromuscular disability and is substantially limited in walking. As a

result, she relies on a scooter for mobility.

23. Plaintiff is a qualified individual with a disability for purposes of this action.

24. Defendant ARLINDO GOMES, JR. owns or leases a property which houses a public accommodation named Heart of Portugal Restaurant located at 241 Mineola Blvd., Mineola, NY 11501 (hereinafter referred to as 'restaurant' or 'facility').

25. Defendants FARM RESTAURANT INC. and MANUEL FERREIRA do business under the assumed name Heart of Portugal Restaurant.

26. Plaintiff resides approximately 10 minutes away from Defendant's public accommodation and is frequently near Defendant's facility.

27. In the summer of 2016 and in March 2017, Plaintiff attempted to use Defendants' public accommodation, however was unable to enter because of an unlawful architectural barrier.

28. The removal of existing architectural barriers is readily achievable.

29. To date, Defendants have failed to remove the architectural barriers

30. Plaintiff is deterred from visiting Defendants' noncompliant accommodation because of the existing accessibility barriers.

31. Plaintiff has the intention to return to Defendants' public accommodation once it becomes readily accessible to and usable.

**FIRST CAUSE OF ACTION**
**(Violations of the Americans with Disabilities Act)**

32. Defendant ARLINDO GOMES, JR. owns, leases (or leases to), or operates a place of public accommodation named Heart of Portugal Restaurant located at 241 Mineola Blvd.,

5

Mineola, NY 11501.

33. Defendants FARM RESTAURANT INC., and MANUEL FERREIRA lease (or leases to), or operate a place of public accommodation named Heart of Portugal Restaurant located at 241 Mineola Blvd., Mineola, NY 11501.

34. Defendants' facility, named Heart of Portugal Restaurant located at 241 Mineola Blvd., Mineola, NY 11501, is a public accommodation within the meaning of New York State Human Rights Law § 292(9) and Title III of the ADA, 42 U.S.C. § 12181.

35. Defendants have failed to make adequate accommodations and modifications to its facility named Heart of Portugal Restaurant located at 241 Mineola Blvd., Mineola, NY 11501.

36. Defendants have failed to remove all architectural barriers that are structural in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

37. There exist readily achievable modifications which would make Defendants' public accommodation accessible and readily usable by Plaintiff and all others similarly situated.

38. Defendants failed to make the necessary readily achievable modifications to its public accommodation.

39. Upon information and belief, since 1992, Defendants facility has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

40. It is not impossible for Defendants to remove the architectural barriers which exist at its facility.

41. Defendants failed to design and construct its facility that is readily accessible to and

usable by Plaintiff in violation of 42 U.S. Code § 12183(a)(1).

42. It is not structurally impracticable for Defendants' facility to be accessible.

43. Defendants failed to alter its facility to the maximum extent feasible in violation of 42 U.S. Code § 12183(a)(2).

44. Defendants' facility is not fully accessible to, or readily useable by individuals with disabilities.

45. Features of Defendants' public accommodation inaccessible to Plaintiff, and others similarly situated, are including but not limited to:

   a. Defendants do not provide at least one accessible route within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix B § 206.2 .1.

   b. Defendants do not provide an accessible means of egress in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix B § 207.1.

   c. Defendants do not provide an accessible route to enter its public accommodation in violation of 28 CFR § 36.403(e) the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 402.

   d. The walkway to enter Defendants' public accommodation have unlawful changes in level in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D §§ 303, 403.

   e. Upon information and belief, Defendants provide inaccessible turning radius, maneuvering clearance, and accessible route to enter its public use bathrooms in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D §§ 304, 305 and 402.

   f. upon information and belief, Defendants do not provide grab bars in this water closet in compliance with the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 604.5.

   g. Defendants bathrooms are inaccessible in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 604.

7

      h.      Defendants lavatories and sinks are inaccessible in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 606.

46. Defendants have discriminated against Plaintiff, and all others similarly situated, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

47. Defendants have subjected Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements, denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendants in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

48. Defendants have afforded Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii)..

49. Defendants have provided Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

50.     Defendants have not afforded plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

51.     Defendants have denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

52.     Defendants have imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

53.     Defendants have failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

## SECOND CAUSE OF ACTION
### (Violations of New York State Human Rights Laws)

54.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

55.     Defendants have not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

56.     Defendants do not provide Plaintiff and others similarly situated with equal opportunity

9

to the use of their public accommodation.

57. Defendants have, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

58. Defendants have demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, are unwelcome, objectionable or not acceptable, desired or solicited.

59. Defendants discriminated in against Plaintiff by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiff, in violation of New York State Human Rights Law § 296.

60. As a direct and proximate result of Defendants' unlawful discrimination in violation of New York State Human Rights Laws, Plaintiff has suffered, and continue to suffer emotional distress -- including but not limited to humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, emotional pain and suffer.

### THIRD CAUSE OF ACTION
### (Violations of New York State Civil Rights Laws)

61. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

62. Defendants, her agent, servants, and/or tenants discriminated against Plaintiff pursuant to New York State law.

63. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

64.     Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

## FOURTH CAUSE OF ACTION
### (Violations of Nassau County Administrative Code)

65. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

66. Defendants' demonstrate that their accommodation, advantages, facilities and privileges shall be refused, withheld from or denied to Plaintiff and all others similarly situated on account of actual or perceived disability.

67. On the basis of Plaintiff's disability, Defendants' demonstrate that the patronage of Plaintiff is unwelcome, objectionable, or not acceptable, desired or solicit.

68. On the basis of Plaintiff's disability, Defendants have directly or indirectly, refused, withheld from or denied Plaintiff with similar accommodations, advantages, facilities or privileges as offered to individuals who are not disabled.

## FIFTH CAUSE OF ACTION
### (Declaratory Relief)

69. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

70. Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendant specifying the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

## INJUNCTIVE RELIEF

71. Plaintiff and others similarly situated will continue to experience unlawful discrimination as a result of Defendants' failure to comply with fed New York State Human Rights Laws and

Title III of the ADA, and Nassau County Administrative Code, therefore, injunctive relief is necessary to order Defendants to alter and modify their facility, policies, practices, and procedures.

72. Issue a permanent injunction enjoining Defendants from disability discrimination.

73. Issue a permanent injunction ordering Defendants to alter its facility to make such facility readily accessible to and usable by individuals with disabilities.

74. Issue a permanent injunction requiring Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff and other persons similarly situated will not be subject to further unlawful discrimination.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court entered a judgment in her favor containing the following relief:

A. Certify this case as a class action;

B. Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendants to alter its facility making such facility readily accessible to and usable to individuals with disabilities, and 3) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff will not be subject to further discrimination in violation of New York State Human Rights Laws, Nassau County Administrative Code, and Title III of the ADA.

C. Enter declaratory judgment, specifying Defendants violation of Nassau County

Administrative Code, ADA and New York State Laws, and declaring the rights of plaintiff and other persons similarly situated as to Defendants' policies, practices, procedures, facilities, goods and services offered to the public.

D.      Award Plaintiff the mandatory, minimum statutory damages of $5000 from each Defendant for their violations of Nassau County Administrative Code § 219.9.1.

E.      Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for *each* violation.

F.      Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State civil rights law.

G.      The Court retain jurisdiction over the Defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

H.      Award Plaintiff actual damages as a result of Defendants' violations of New York State Human Rights Laws.

I.      Award Plaintiff compensatory damages in the amount of $10,000 for defendants violation of New York State Human Rights Laws.

J.      Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses.

K.      For such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

Dated this April 9, 2017

X _____*J-B*_____

JAMES E. BAHAMONDE, ESQ (JB6708)
Law Offices of James E. Bahamonde, P.C.
Attorney for the Plaintiff(s)
2501 Jody Court
North Bellmore, NY 11710
Tel:  (646) 290-8258
Fax: (646) 435-4376
E-mail:   James@CivlRightsNY.com